```
                          UNITED STATES DISTRICT COURT
                            DISTRICT OF CONNECTICUT

-------------------------------- x
ELENA ESCALERA,                  :
                                 :
        Plaintiff,               :   Civil No. 3:21-cv-818(AWT)
                                 :
v.                               :
                                 :
POWER BDC, LLC and WILLIAM       :
SINKO, JR.,                      :
                                 :
        Defendants.              :
-------------------------------- x
```

## ORDER DISMISSING CASE

For the reasons set forth below, Defendants' Motion to Dismiss (ECF No. 11) is hereby GRANTED.

On December 15, 2020, the defendants in this case, Power BDC, LLC and William Sinko, filed a notice of removal in the District Court for the District of Connecticut, removing a case brought in Connecticut Superior Court by the plaintiff in this action, Elena Escalera. That case ("Escalera I"), titled Escalera v. Power BDC, LLC, had docket number 3:20-cv-1861. In Escalera I, the plaintiff asserted identical allegations and brought identical claims against the identical parties as those brought in the instant case. The defendants in Escalera I filed an answer to the complaint. On March 8, 2021, the court issued an Order "dismissing [the] Complaint for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)". See Order Dismissing

- 1 -

Complaint for Failure to Prosecute Pursuant to Fed. R. Civ. P. 41(b), Escalera v. Power BDC, LLC, No. 3:20-cv-1861 (D. Conn. Mar. 8, 2021), ECF No. 15. The court dismissed Escalera I pursuant to Federal Rule of Civil Procedure 41(b) and closed the case on March 8, 2021. Following the dismissal, the plaintiff in Escalera I did not file a motion for reconsideration or a motion to reopen pursuant to Federal Rule of Civil Procedure 60(b), nor did she appeal the dismissal.

On or about June 22, 2021, defendant William Sinko was served with a summons and complaint in the instant case, Escalera v Power BDC, LLC, No. 3:21-cv-818 (D. Conn. 2021) ("Escalera II"). Escalera II was filed on June 16, 2021. Not only are the claims, parties, forum and allegations the same as those in Escalera I, the plaintiff is represented by the same counsel as in Escalera I.

This court's dismissal of Escalera I pursuant to Federal Rule of Civil Procedure 41(b) bars the instant case. "It is well established that under the doctrine of *res judicata,* or claim preclusion, once a claim has been brought to a final conclusion, all subsequent claims arising from the same set of facts or transactions are barred." Carryl v. Columbia Univ. Coll. of Physicians & Surgeons Harlem Hosp. Ctr., No. 04 Civ. 2374, 2005 WL 578941, at *5 (S.D.N.Y. Mar. 9, 2005) (citing Federated Dep't

Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981); Maharaj v. BankAmerica Corp., 128 F.3d 94, 97 (2d Cir. 1997)). Federal Rule of Civil Procedure 41(b) states:

> Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Thus, the doctrine of *res judicata* applies to a dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b). See La Societe Anonyme des Parfums le Galion v. Jean Patou, Inc., 495 F.2d 1265, 1275 (2d Cir. 1974) (holding that "[u]nder [Federal Rule of Civil Procedure] 41(b), a dismissal for failure to prosecute an action 'operates as an adjudication upon the merits,' unless the court specifies otherwise" and that "under normal circumstances [courts] . . . have no alternative to holding that such a dismissal [has] res judicata effect"); Hoffman v. Wisner Classic Mfg. Co., 927 F. Supp. 67, 71 (E.D.N.Y. 1996) (finding that dismissal of a prior similar lawsuit under Rule 41(b) for failure to prosecute "operates as an adjudication on the merits which bars [a] second suit on the same subject").

Accordingly, the plaintiff's claim in this case is barred by the doctrine of *res judicata*, or claim preclusion, and the defendants' motion to dismiss should be granted.

The Clerk shall close this case.

It is so ordered.

Signed this 12th day of January 2022, at Hartford, Connecticut.

_____/s/ AWT_____
Alvin W. Thompson
United States District Judge
